IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

MARK D. KAISER, as Power of
Attorney for KATHRYN KAISER

    Plaintiff,

                                                    Case No.:

v.

METROPOLITAN LIFE
INSURANCE COMPANY

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, MARK D. KAISER, as Power of Attorney for KATHRYN KAISER, and would sue the Defendant, METROPOLITAN LIFE INSURANCE COMPANY, and as grounds thereto would show:

### COUNT I

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000) exclusive of costs, interest and attorney fees.

2. At all times material hereto, MARK D. KAISER, the true and lawfully authorized attorney for the Plaintiff, KATHRYN KAISER, pursuant to a Limited Power of Attorney executed on or about May 25, 2017, a copy of which is attached hereto as Exhibit "A".

3. At all times material hereto, the Defendant, METROPOLITAN LIFE INSURANCE COMPANY (hereinafter "METROPOLITAN"), was a foreign corporation authorized to sell insurance in the state of Florida engaged in the insurance business within the state of Florida.

4. At all times material hereto, the Plaintiff, KATHRYN KAISER, was insured pursuant

to a policy of insurance issued by METROPOLITAN LIFE INSURANCE COMPANY, policy number 04857-1969 which provided, among other things, long term care insurance coverage. A copy of said policy is attached hereto as Exhibit "B".

5. Due to the Plaintiff, KATHRYN KAISER's age and failing health, the Plaintiff filed a request for and was provided long term care services beginning November of 2015.

6. Subsequent to METROPOLITAN's decision to provide long term care services to the Plaintiff, it withdrew such benefits and services in November of 2016 based upon the mistaken belief that the Plaintiff, KATHRYN KAISER, was able to perform her activities of daily living without assistance from another individual.

7. Despite providing information and records from her health care providers and home health service providers, documenting the Plaintiff, KATHRYN KAISER's continued need for assistance to perform her activities of daily living, the Defendant, METROPOLITAN, has continued to deny, KATHRYN KAISER, the long term care services to which she is entitled under the terms and conditions of the policy of insurance issued by METROPOLITAN to KATHRYN KAISER.

8. The Defendant, METROPOLITAN'S refusal and failure to provide such health care coverage when her physical and mental condition warrants such coverage constitutes a material breach of the terms and conditions of METROPOLITAN's insurance contract with the Plaintiff.

9. Based upon her physical and mental condition, the Plaintiff, KATHRYN KAISER, is entitled to qualified long term care services pursuant to the policy of insurance issued by METROPOLITAN.

10. As a result of the subject breach, the Plaintiff is entitled to damages which includes the benefits due under the terms and conditions of the policy of insurance issued by METROPOLITAN to KATHRYN KAISER in addition to prejudgment interest since the date that

METROPOLITAN wrongfully discontinued the Plaintiff's qualified long term care services.

12. As a result of METROPOLITAN's refusal to provide KATHRYN KAISER with the coverage afforded under the policy, the Plaintiff was forced to retain the undersigned counsel and is responsible for payment of reasonable attorney fees and costs in connection with the prosecution of this case.

WHEREFORE, the Plaintiff, MARK D. KAISER, Power Of Attorney for KATHRYN KAISER, demands judgment against the Defendant, METROPOLITAN LIFE INSURANCE COMPANY, for damages, prejudgment interest, reasonable attorney fees and costs pursuant to Florida Statute §627.428, and such other relief as to this Court deems just and proper. Plaintiff also demands trial by jury on all issues so triable.

## COUNT II - DECLARATORY RELIEF

13. The Plaintiffs would reallege and reaffirm the allegations contained in paragraphs 1 through 12 as if restated herein.

14. This is an action for declaratory relief pursuant to Florida Statute Chapter 86.

15. There is a bona fide dispute among the parties as to their legal rights. The Plaintiff, KATHRYN KAISER, by and through her attorney in fact, MARK D. KAISER, contend that KATHRYN KAISER is entitled to long term care services pursuant to the terms and conditions of her policy of insurance as a result of her failing health and age which requires assistance in order for her to perform her activities of daily living. The Defendant, METROPOLITAN, contends that the Plaintiff's condition does not require her to require assistance from another individual to perform her activities of daily living which would justify her entitlement to long term care services under the policy of insurance issued by METROPOLITAN. The Plaintiffs, the KAISERS, have a judiciable question as to the Defendant, METROPOLITAN's obligation to provide long term care services to the

Plaintiff as a result of her age and failing health and so far as the Plaintiff has the right, power, and/or privilege to obtain such coverage under the policy of insurance issued by METROPOLITAN to the Plaintiff, KATHRYN KAISER.

16. The Plaintiffs are in doubt as to the right, status, power and/or privilege regarding the Plaintiff, KATHRYN KAISER's entitlement to long term care services under the policy of insurance issued by METROPOLITAN for which METROPOLITAN is denying benefits.

17. There is a bone fide, actual present need for the declaration because the Defendant, METROPOLITAN, continues to deny long term care services to the Plaintiff under her policy of insurance.

18. The Plaintiffs, KATHRYN KAISER, by and through her attorney in fact, MARK D. KAISER, are entitled to an award of reasonable expenses to maintain this action, including, but not limited to reasonable attorney fees.

19. The Plaintiff, KATHRYN KAISER, by and through her attorney in fact, MARK D. KAISER, have complied with all conditions precedent to the filing of this lawsuit or the alternative, METROPOLITAN has waived its obligation to comply with such conditions precedent.

WHEREFORE, the Plaintiffs, MARK D. KAISER, as Power of Attorney for the Plaintiff, KATHRYN KAISER, demands judgment and the rights and obligations of the parties and find the Defendant, METROPOLITAN LIFE INSURANCE COMPANY, at all times material hereto had the obligation to provide long term care services to the Plaintiff, KATHRYN KAISER, pursuant to the terms and conditions of the policy which was issued to the Plaintiff, KATHRYN KAISER, by METROPOLITAN LIFE INSURANCE COMPANY. The Plaintiff further requests that this Court award her reasonable attorney fees and costs, pursuant to Florida Statute §627.428 and such other relief as to this Court deems just and proper. Plaintiff also demands trial by jury on all issues so

triable.

                                                Respectfully submitted,

                                                PILKA & ASSOCIATES, P.A.
                                                Daniel F. Pilka
                                                Florida Bar No.: 442021
                                                213 Providence Road
                                                Brandon, Florida 33511-4707
                                                Tel.: (813) 653-3800 | Fax: (813) 651-0710
                                                Attorneys for Plaintiff
                                                Emails: dpilka@pilka.com
                                                          law@pilka.com
                                                          eservice@pilka.com

DFP/kmc/17-2144